UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:13CV1649 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| 2007 DODGE RAM 1500 TRUCK, | ) | |
| VIN: 1D7HU18247J592273, | ) | |
| | ) | |
| DEFENDANT. | ) | |

The government brings this *in rem* forfeiture action against defendant 2007 Dodge Ram 1500 Truck, VIN: 1D7HU18247J592273 ("vehicle"), pursuant to 21 U.S.C. § 881 and 28 U.S.C. §§ 1345, 1355. (Compl., Doc. No. 1 at ¶ 1.) This matter is before the Court on the motion of claimant James Darrin Vaughan ("claimant") to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. (Doc. No. 10.) The government opposes the motion. (Doc. No. 11.)

I. **BACKGROUND**

The complaint in the present forfeiture action, filed July 31, 2013, is admittedly stark. The entirety of the factual allegations is as follows:

> 3. The defendant vehicle was seized on March 28, 2013 and is now in the possession of the federal government.
>
> 4. Subsequent to the seizure, DEA commenced administrative forfeiture proceedings against the defendant vehicle. A claim to the defendant vehicle was submitted in the administrative forfeiture proceeding by James Darrin Vaughan . . . , necessitating the filing of this judicial forfeiture action.

> 5. The defendant vehicle is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881 because it was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. § 841(a).
>
> 6. In connection with a federal investigation regarding [claimant] and his involvement in a drug trafficking organization, a federal search warrant was executed at 1437 North Milburn Square NE, Bolivar, Ohio.
>
> 7. At the time of the execution of the search warrant, [claimant] admitted to law enforcement that the defendant vehicle was used to deliver marijuana and cocaine.
>
> 8. By reason of the foregoing, the defendant vehicle is subject to forfeiture to the United States pursuant to the statutory authority set forth in paragraph 5 hereof.

(Compl., Doc. No. 1 [intervening headings omitted].)

## II. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court "should assume [the] veracity" of all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). It need not, however, "accept as true a legal conclusion couched as a factual allegation[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation and citation omitted).

The pleading standard for civil forfeiture complaints brought under 21 U.S.C. § 881 is controlled by the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). Supplemental Rule E(2)(a) requires the complaint to set forth "the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the

facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. R. E(2)(a). Additionally, a claim in a civil forfeiture action "must": "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). Rule G was adopted in 2006 and "generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA)[,]" and was "designed to include the distinctive procedures that govern a civil forfeiture action." Fed. R. Civ. P. Supp. R. G advisory committee notes. Rule G represents the evolution of the pleading standard enunciated in Rule E(2)(a) for specific application in civil forfeiture actions. *See id*.

The Sixth Circuit has held that the Supplemental Rules impose "a more stringent standard than the pleading requirements [of Rule 8] of the Federal Rules of Civil Procedure." *United States v. Real Prop. Located at 2323 Charms Rd., Milford Twp., Oakland Cnty., Mich.*, 946 F.2d 437, 441 (6th Cir. 1991). "The requirement is not merely a procedural technicality, but a way of ensuring that the government does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim." *Id*. (internal quotation and citations omitted). However, the Supplemental Rules do not require the government to demonstrate probable cause at the pleading stage, a burden that the government must instead carry at trial. *Id*.

### III. ANALYSIS

The claimant argues that the Court should dismiss the government's complaint for failure to meet the forfeiture pleading requirements. Supplemental Rule G(2)(b)-(e) provide that a verified forfeiture complaint "must":

> state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; describe the property with reasonable particularity; if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed; [and] identify the statute under which the forfeiture action is brought[.]

(subsection letters and brackets omitted).

In perfunctory fashion, claimant argues that the government's verified complaint fails to contain any of the information required by Supplemental Rule G(2)(b)-(e). (Doc. No. 10 at 35-36.) He further insists that the complaint fails to state a claim upon which relief can be granted. (*Id*. at 36.)

The complaint states that subject-matter jurisdiction lies in 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881. (Doc. No. 1 at ¶ 1.) Section 1345 of Title 28 of the United States Code bestows upon district courts "original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ." Section 1355 of Title 28 provides for original jurisdiction over "any action or proceeding for the recovery or enforcement of any fine, penalty, or *forfeiture*, pecuniary or otherwise . . . ." § 1355(a) (emphasis added). Additionally, 21 U.S.C. § 881(a)(4) provides for the forfeiture of vehicles used to facilitate drug trafficking. Because this civil action is brought by the United States in connection with a forfeiture of property alleged to have been used in the facilitation of drug trafficking, the Court has jurisdiction over this proceeding. *See United States v. One Parcel of Prop. Located at 2556 Yale Ave.*, 20 F. Supp. 2d 1212, 1215 (W.D. Tenn. 1998) (district court had jurisdiction over forfeiture of property pursuant to 28 U.S.C. §§ 1345, 1355).

The above-cited statutory provisions also supply the necessary *in rem* jurisdiction over defendant vehicle. *In rem* forfeiture actions are brought "against the property itself[.]" *United States v. One 1990 Cadillac*, 205 F.3d 1342, at *1 (6th Cir. Sept. 15, 1999) (unreported table decision) (citations omitted). Here, the complaint alleges that this forfeiture action was commenced by a government agency against defendant vehicle. (Doc. No. 1 at ¶ 4.) Further, the complaint provides that a search warrant was executed at a location within this judicial district (*id*. at ¶ 6), that at the time of the search defendant admitted that the subject vehicle was used to deliver marijuana and cocaine (*id*. at ¶ 7), and that the government seized the vehicle and initiated forfeiture proceedings against it. (*Id*. at ¶¶ 3-4.) These allegations establish *in rem* jurisdiction over the defendant vehicle. *See United States v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso*, 362 F. Supp. 2d 1175, 1180 (C.D. Cal. 2005) ("The *sine qua non* of in rem jurisdiction is seizure, control, or custody of the res.") (citations omitted). Moreover, there is no evidence that any other court has attempted to exercise *in rem* jurisdiction over the subject vehicle. *See United States v. One Hundred Thirty-Four Thousand Nine Hundred Twenty Dollars ($134,920.00) in U.S. Currency*, 25 F.3d 1051, at *2 (6th Cir. June 8, 1994) (unreported table decision) ("Only one court may exercise jurisdiction over a *res* at a time.") (citations omitted).

Title 28, United States Code, § 1355(b)(1)(A) permits the United States to file a civil forfeiture action in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred[.]" *See One Oil Painting,* 362 F. Supp. 2d at 1185. Venue is proper in this judicial district because, as previously discussed, the

5

complaint alleges that one or more of the acts giving rise to this forfeiture action occurred within this district. (Doc. No. 1 at ¶ 6.)

Claimant also posits that the complaint fails to identify the location of the property at the time of the seizure and at the time of the filing of the complaint. With respect to the latter, the complaint clearly states that the property is "now in the possession of the federal government." (Doc. No. 1 at ¶ 3.) As to the former, the complaint does not identify the location of the property at the time of the seizure. The government suggests, however, that a "common sense reading of paragraphs 6 and 7" of the complaint, "indicates the vehicle was seized during the execution of a search warrant at 1437 North Milburn Square NE, Bolivar, Ohio." (Doc. No. 11 at 40.) To be sure, the complaint states that the claimant admitted during the search in Bolivar, Ohio that the vehicle had been used in a drug trafficking organization. (Doc. No. 1 at ¶¶ 6-7.) It does not state, however, that the vehicle was present at the location where the search took place.[1] Because the location of the property at the time of the seizure is a fact that "must" be pleaded under Supplemental Rule G(2)(d), the complaint does not satisfy the heightened pleading requirements for forfeiture complaints. Nonetheless, the Court finds that this pleading deficiency can be remedied by way of amendment. The government, therefore, shall have until September 8, 2014 to file an amended complaint that sets forth all of the required facts identified in Supplemental Rule G(2)(b)-(e), including the location of the subject vehicle at the time of the seizure.

---

[1] The government's argument might have had more force if the complaint had alleged that the search took place on March 28, 2013, the date identified as the seizure of the vehicle. (*See* Doc. No. 1 at ¶ 3.) It might, then, have been possible to infer that the vehicle was seized as part of, and at the same location as, the search of the Bolivar, Ohio location.

## IV. Conclusion

For all of the foregoing reasons, claimant's motion to dismiss is granted, in part, and the government is afforded fourteen days in which to file an amended complaint. In the event that the government fails to file a properly conforming amended complaint by September 8, 2014, this forfeiture action shall be dismissed.

**IT IS SO ORDERED**.

Dated: August 25, 2014

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**